UNITED STATES of America,
Plaintiff–Appellee,

v.

Nehemias LOPEZ–PEREZ,
Defendant–Appellant.

No. 12–15076
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 10, 2013.

Peter J. Sholl, Donald L. Hansen, James A. Muench, Robert E. O'Neill, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

John Leonard Badalamenti, Alec Fitzgerald Hall, Federal Public Defender's Office, Tampa, FL, Rosemary Cakmis, Donna Lee Elm, Federal Public Defender's Office, Orlando, FL, for Defendant–Appellant.

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Nehemias Lopez–Perez appeals his sentence of 33 months of imprisonment, following his pleas of guilty to one count of conspiring to transport 100 or more illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(v)(I), (a)(1)(B)(i), and two counts of transporting illegal aliens within the United States, id. § 1324(a)(1)(A)(ii), (a)(1)(B)(i); 18 U.S.C. § 2. Lopez–Perez argues that his sentence is unreasonable. We affirm.

The district court did not abuse its discretion. The district court imposed a sentence at the low end of Lopez–Perez's recommended guideline range of 33 to 41 months, and we ordinarily expect such a sentence to be reasonable. *See United States v. Hunt,* 526 F.3d 739, 746 (11th Cir.2008). Lopez–Perez requested a downward variance of 15 months, but the district court reasonably rejected the request because Lopez–Perez had been responsible for transporting at least 140 aliens after they entered the country illegally. The district court also reasonably determined that a sentence of 33 months of imprisonment would best serve the statutory purposes of sentencing. *See* 18 U.S.C. § 3553(a). Lopez–Perez argues that he was entitled to a lesser sentence because he had no criminal history, he was not a leader of the conspiracy, his offenses "did not involve the typical 'aggravators'" that often accompanied smuggling operations, and he cooperated with authorities, but we are not persuaded that Lopez–Perez's sentence "lies outside the range of reasonable sentences dictated by the facts of [his] case." *United States v. Irey,* 612 F.3d 1160, 1190 (11th Cir.2010) (internal quotation marks omitted). The district court imposed the sentence that Lopez–Perez requested as an alternative to a sentence below the guidelines, and that sentence is reasonable.

We **AFFIRM** Lopez–Perez's sentence.